UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KENTRELL WELCH, <br><br> Plaintiff, <br> v. <br> WILLIAM RUEBART, et al., <br><br> Defendants. | Case No.  3:22-cv-00423-ART-CLB <br><br> ORDER |

**I.    DISCUSSION**

Plaintiff initiated this case with a motion for a temporary restraining order and a motion for "mandatory injunction." (ECF Nos. 1-1, 1-2.) On September 22, 2022, The Court ordered Plaintiff to file an application to proceed *in forma pauperis* and a civil rights complaint in this case. (ECF No. 3.) Plaintiff has filed a motion seeking clarification. (ECF No. 4.)

In his motion, Plaintiff states that his documents were improperly filed in the unofficial Northern District of Nevada. (*Id.* at 2.) The documents relate to two ongoing cases in the unofficial Southern District of Nevada. (*Id.*) Plaintiff appears to state that his motions are related to those two cases, but that they need to be filed in a separate, new case. (*Id.*) It is not clear why Plaintiff believes that his motions should be filed in a new case if they are related to two ongoing cases. Plaintiff also states that he already has a motion for a temporary restraining order in the unofficial Northern District of Nevada, and he does not want to refile the same documents again in the unofficial Northern District of Nevada. (*Id.* at 3.) Plaintiff asks the Court to file his documents in the unofficial Southern District of Nevada. (*Id.* at 3-4.)

Pursuant to Nevada Local Rule of Practice IA 1-8(a), "[i]n civil actions filed by inmates proceeding pro se, the action must be filed in the unofficial division of the court in which the inmate is held when the complaint or petition is submitted for filing." Plaintiff is currently incarcerated at Ely State Prison, which is in the unofficial Northern District of

Nevada. As such, the Court denies Plaintiff's request to file his documents in the unofficial Southern District of Nevada. Any new case that Plaintiff brings must be filed in the unofficial Northern District of Nevada.

Furthermore, the Court notes that duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). To the extent that Plaintiff is attempting to bring duplicative claims, the Court advises Plaintiff that he should not bring duplicative claims regardless of whether they are filed in the unofficial Northern or Southern Districts of Nevada. It does not matter which district Plaintiff files a duplicative claim in. Any duplicative cases may be subject to dismissal as malicious.

Considering Plaintiff's motion for clarification, the Court will grant Plaintiff an extension until January 27, 2023, to file a complaint and to file an application to proceed *in forma pauperis* or pay the $402 filing fee in full. If Plaintiff does not file a civil rights complaint and file an application to proceed *in forma pauperis* or pay the filing fee in full, this case will be subject to dismissal without prejudice. If Plaintiff does not wish to pursue this action, he may file a motion for voluntary dismissal.

## II.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to have his documents filed in the unofficial Southern District of Nevada (ECF No. 4) is DENIED.

It is further ordered that if Plaintiff wishes to pursue this action, he will submit a complaint and file a complete application to proceed *in forma pauperis*, or the full $402 filing fee, to this Court on or before **January 27, 2023**.

It is further ordered that If Plaintiff does not wish to purse this action, he may file a motion for voluntary dismissal.

It is further ordered that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice.

DATED THIS 21st day of November 2022.

_____
UNITED STATES MAGISTRATE JUDGE